**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000432
29-APR-2022
07:47 AM
Dkt. 40 SO**

NO. CAAP-21-0000432

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JOSEPH ECKERT, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-21-00038)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Joseph Eckert (**Eckert**) appeals from
the Notice of Entry of Judgment and/or Order and Plea/Judgment
(**Judgment**) entered on June 29, 2021, in the Honolulu Division of
the District Court of the First Circuit (**District Court**).[1]  After
a bench trial, Eckert was convicted of Operating a Vehicle Under

---

[1]     The Honorable Ann S. Isobe presided.

the Influence of an Intoxicant (**OVUII**) under Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2019).[2]

Eckert raises three points of error on appeal, contending that the District Court erred: (1) by failing to conduct a sufficient colloquy with Eckert concerning his constitutional right to testify in accordance with Tachibana v. State, 79 Hawaiʻi 226, 900 P.2d 1293 (1995), and State v. Lewis, 94 Hawaiʻi 292, 12 P.3d 1233 (2000); (2) in convicting Eckert of OVUII because the State failed to prove beyond a reasonable doubt that Eckert was under the influence of alcohol in an amount sufficient to impair his normal faculties or ability to care for himself and guard against casualty; and (3) by failing to address Eckert regarding his right to presentence allocution as required by article I, section 5 of the Hawaiʻi Constitution and HRS § 706-604(1) (2014).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Eckert's points of error as follows:

---

[2]     HRS § 291E-61(a)(1) provides:

>        **§ 291E-61  Operating a vehicle under the influence of an intoxicant.**  (a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
>             (1)     While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

(1) As the State concedes, the District Court plainly erred by omitting parts of the Tachibana colloquy and by not obtaining Eckert's waiver of his right to testify directly from Eckert, as opposed to through Eckert's attorney. The record confirms, *inter alia*, that the District Court failed to inform Eckert of at least three of the required advisements. Accordingly, the record does not demonstrate that Eckert's waiver of his right to testify was knowing, intelligent, and voluntary. Nor does the record indicate what Eckert might have averred had he testified. Therefore, we cannot conclude that the District Court's error was harmless.

(2) We reject Eckert's argument that there was insufficient evidence to convict him of OVUII pursuant to HRS § 291E-61(a)(1). Honolulu Police Department (**HPD**) Officer Jordan Cho (**Officer Cho**) testified, *inter alia*, that he detected a "very strong scent of an alcoholic beverage" coming from Eckert's breath and Eckert was unsteady on his feet. Officer Cho noticed that Eckert had red, glassy eyes, and slurred speech, and Eckert looked like he might fall over if he stood up from the wall he was sitting on. HPD Officer Jared Luke (**Officer Luke**) testified that he observed Eckert's glassy, watery eyes, and the smell of an alcoholic beverage from ten feet away from Eckert. Officer Luke also observed that Eckert's face was flushed and he had a very slurred manner of speech. Officer Luke faintly detected the

smell of the alcoholic beverage in his vehicle as he transported Eckert to the police station.

The witness who observed Eckert crash his vehicle into a parked vehicle testified that after the initial collision, Eckert continued to press on the gas for a period of time, and then attempted to unsuccessfully reverse his vehicle, but the two vehicles were stuck together. The witness described Eckert as swaying, maybe stumbling, as Eckert walked down the street after the accident. While, as Eckert argues, there were possible alternative assessments of the evidence, we cannot conclude that the District Court clearly erred in its assessment of the evidence presented at trial.

Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the State, we conclude that there was substantial evidence to support Eckert's conviction pursuant to HRS § 291E-61(a)(1). See, e.g., State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007).

(3) In light of our review of Eckert's first two points of error, we conclude that the District Court's Judgment must be vacated and this case remanded for a new trial. Accordingly, we need not reach the issue of the District Court's failure to personally address Eckert regarding Eckert's right to pre-sentence allocution, which the State concedes constituted plain error.

For these reasons, the District Court's June 29, 2021 Judgment is vacated, and this case is remanded for a new trial.

DATED: Honolulu, Hawaiʻi, April 29, 2022.

On the briefs:

Henry P. Ting,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge